UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>GUADALUPE RESPICIO ORTEGA-MENDEZ (02),<br><br>                    Defendant. | No.  CR-08-6014-EFS-02<br><br>**ORDER GRANTING IN PART DENYING IN PART AND HOLDING IN ABEYANCE IN PART, PLAINTIFF'S MOTION FOR DECLARATION OF $50,000 BAIL FORFEITURE AND DEFAULT JUDGMENT, AND GRANTING IN PART AND DENYING IN PART, MR. ORTEGA'S MOTION TO SET ASIDE BAIL FORFEITURE** |

    This matter comes before the Court on Plaintiff United States of America's Motion for Declaration of $50,000 Bail Forfeiture and Default Judgment, ECF No. 107.  The U.S. Attorney's Office (USAO) asks the Court to declare forfeited and enter default judgment on the $50,000 unsecured appearance bond posted by Ramon Ortega and Miguel Prieto, ECF No. 25, which was intended to secure the appearance of Defendant Guadalupe Respicio Ortega-Mendez at all court proceedings in this matter.  Victor Lara, on behalf of Mr. Ortega, opposes the motion and moves to set aside the bail forfeiture.  ECF No. 181.  At the November 7, 2013 hearing, the Court ruled on these motions; this Order memorializes and supplements the Court's oral ruling.

    On March 3, 2008, as a condition of Defendant's release pending trial, Ramon Ortega, Miguel Prieto, and Defendant jointly posted a

ORDER - 1

$50,000 unsecured appearance bond to ensure, among other things, that the Defendant would "appear before this [C]ourt and at such other places as the [D]efendant may be required to appear, in accordance with any and all orders and directions relating to the [D]efendant's release" in this case. ECF No. 25. On July 25, 2008, Defendant failed to appear for the pretrial conference in his case, ECF No. 78, and a bench warrant was issued for Defendant's arrest, ECF No. 76. To date, Defendant has not been arrested. On February 11, 2013, the USAO sought the forfeiture of the surety bond. ECF No. 108. On October 23, 2013, Ramon Ortega sought to set aside forfeiture. ECF No. 181.

Pursuant to Federal Rule of Criminal Procedure 46(f), the Court "must declare the bail forfeited if a condition of the bond is breached." Fed. R. Crim. P. 46(f)(1). In other words, forfeiture is mandatory when a bond condition is breached. *United States v. Nguyen*, 279 F.3d 1112, 1115 (9th Cir. 2002). The bond is a contract between the government, the Defendant, and the surety, and is therefore subject to the six-year statute of limitations found in 28 U.S.C. § 2415. *See United States v. Toro*, 981 F.2d 1045, 1047-48 (9th Cir. 1992). There is no requirement, statutory or otherwise, that the USAO notify sureties when a defendant absconds. *United States v. Marquez*, 564 F.2d 379, 380 (10th Cir. 1977) ("[I]t would be incongruous to condition the sureties' liability on notice by the government of the defendant's failure to appear, and we decline to do so."). In fact, sureties are presumed to have constructive notice when a condition of the bond is breached. *United States v. Felix-Meza*, 825 F.2d 1334, 1336 (9th Cir. 1987) (per curiam) ("Because [the bond agent] Flores

was legally required to assure [defendant] Felix-Meza's appearance and learn of her failure to appear, Flores was charged with constructive notice that Felix-Meza had not appeared."). Although the USAO does not explain why it waited more than four years to seek bail forfeiture, the motion is not barred by the statute of limitations. Accordingly, the Court must declare the bond of $50,000 forfeited.

After a court declares a bond forfeit, the court may still "remit in whole or in part the judgment under the same conditions specified in Rule 46(f)(2)." Fed. R. Crim. P. 46(f)(4). Under Rule 46(f)(2)(B), the court may remit forfeiture if "it appears that justice does not require bail forfeiture." The Court must evaluate six factors to determine whether to set aside or remit all or part of the forfeiture:

> 1) the defendant's willfulness in breaching a release condition; 2) the sureties' participation in apprehending the defendant; 3) the cost, inconvenience, and prejudice suffered by the government; 4) mitigating factors; 5) whether the surety is a professional or a member of the family or a friend; and 6) the appropriateness of the amount of the bond.

*Nguyen*, 279 F.3d at 1115-16. If any portion of the forfeiture is remitted, the Court must partially exonerate the bond. *Id.* at 46(g).

The first, third, and sixth factors favor the government. There can be no reasonable dispute that the Defendant willfully breached his release condition by absconding, and the government suffered cost and inconvenience in preparing for a trial that was not held and in attempting to locate and apprehend Defendant. Furthermore, the bond amount was not unreasonable. Additionally, the Court notes that Mr. Ortega is a family member of Defendant and not a professional surety.

Having weighed these factors, and in the interests of justice, the Court finds it appropriate to remit $42,500 of the $50,000 forfeiture as to Mr. Ortega. As to Defendant Ortega-Mendez, the Court finds the interests of justice require no remittance. Additionally, as Mr. Prieto was not present, and allusions were made to possible medical issues, the Court holds in abeyance for two weeks its decision as to remittance as to Mr. Prieto, to await any additional information that may be provided.

Accordingly, **IT IS HEREBY ORDERED:**

1. The USAO's Motion for Declaration of $50,000 Bail Forfeiture and Default Judgment, **ECF No. 107**, is **GRANTED IN PART, DENIED IN PART, and HELD IN ABEYANCE IN PART.**
2. Ramon Ortega's Motion to Set Aside Forfeiture, **ECF No. 181**, is **GRANTED IN PART AND DENIED IN PART.**
3. Pursuant to Rule 46(f)(1), the Court declares the $50,000 appearance bond in the above-captioned matter, ECF No. 25, **FORFEITED** based on the fact that Defendant breached a condition of the bond.
4. Pursuant to Rule 46(f)(4) and 46(g), the Court **REMITS** and **EXONERATES** $42,500 of that forfeiture in the interests of justice as to Mr. Ramon Ortega.
5. **DEFAULT JUDGMENT** is hereby rendered in favor of the United States of America, in the amount of **FIFTY THOUSAND DOLLARS ($50,000).** As to this default-judgment amount, default judgment is entered against Defendant Ortega-Mendez in the amount of $50,000, and default judgment is entered against

        Mr. Ramon Ortega in the amount of $7,500. Defendant and Mr. Ramon Ortega are jointly and severally liable for $7,500 of the total $50,000 awarded to the United States of America.

6.   The Court holds in abeyance until two weeks from the date of this Order its ruling on remittance and judgment as to Miguel Prieto.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to the USAO, defense counsel, counsel for the Sureties, Sureties, and the Court's Financial Administrator.

**DATED** this ___12th___ day of November 2013.

                              _____s/Edward F. Shea__
                                   EDWARD F. SHEA
                    Senior United States District Judge